UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES,** | : | |
| | : | **CRIMINAL NO. 3:17-374** |
| v. | : | **(JUDGE MANNION)** |
| **WILLIAM FISCHER,** | : | |
| Defendant | : | |

# MEMORANDUM

On September 21, 2018, the court sentenced the defendant, William Fischer, to 235 months imprisonment. The Court also ordered the defendant to pay a $1,500.00 special assessment and $187,010.30 in restitution. (Doc. 44). To date, the defendant's outstanding balance on his restitution is $184,955.82. Under Additional Imprisonment Terms in the judgment, the court specifically ordered that "[d]uring the term of imprisonment, restitution is payable every three months in an amount, after a telephone allowance, equal to 25 percent of the funds deposited into the defendant's inmate trust fund account." (Doc. 44 at 3).

The defendant is currently confined in the Federal Medical Center Davens, Ayer, Maryland. The defendant has been making the quarterly payments ordered by the court.

Further, the defendant entered into the Inmate Financial Responsibility Program ("IFRP") and he pays approximately $100 per quarter as an additional payment to satisfy his restitution ordered by the court. (*See* Doc. 75 & 75-1).

Presently before the court is the November 13, 2020 corrected motion of the government, filed pursuant to 18 U.S.C. §3613(a) and §3664(n), for the court to enter an Order authorizing the Bureau of Prisons ("BOP") to turnover to the Clerk of Courts funds in the amount of $500.00 held in the defendant's inmate trust account as an additional payment towards his outstanding criminal restitution. (Doc. 67).[1] As of November 9, 2020, defendant's inmate trust account has a balance of $1,276.61. The government indicates that it was recently informed that the United States Marshal Service ("USMS") set a threshold of $500.00 for processing turnover of an inmate account. The defendant's inmate trust fund account was encumbered by the government on October 1, 2020, and his money in this account was unavailable to him.

As a clarification, which was ordered by the court following the initial motion, the government states that it "is seeking the $500.00 turnover as an

---

[1] The government's initial motion filed on October 16, 2020, (Doc. 61), was superseded by its corrected motion. As such, the initial motion has been termed.

additional payment towards the outstanding $184,955.82 balance in restitution, separate from the quarterly monthly payments as noted in the judgement and commitment."

The defendant sent a letter to the court on October 9, 2020, prior to the government's original motion, in which he objected to the government's attempt to have the BOP "place an encumbrance on all of [his] funds within the BOP", which he stated was a total amount of $1,215.01. (Doc. 60). Defendant alleged that this amount has already been subjected to the Additional Imprisonment Terms in his judgment and that 25% of his balance in his account has been collected and paid towards restitution via the BOP's Inmate Financial Responsibility Program. Defendant also stated that "[t]he funds that have been seized, are in fact clearly the remainder of the total funds deposited after the application of the court[']s own restitution payment schedule and payments towards the restitution order."

On December 15, 2020, the defendant filed a brief in opposition to the government's motion with Exhibits. (Docs. 75 & 75-1). The defendant states that he has made the court ordered payments and that he is making quarterly payments through his participation in the IFRP. As such, defendant contends that the additional money the government is now seeking is already subject to the restitution payment schedule. The defendant also contends that by

making him pay an additional amount creates a financial burden on his family and that his money allows him to maintain a pre-release savings account to prepare for his release from prison.

On December 29, 2020, the government filed a reply brief. (Doc. 76).

On January 12, 2021, the defendant filed a sur-reply brief. (Doc. 77).

The defendant's inmate trust account currently has a balance of $1,276.61, which is maintained by the BOP. The government is requesting that the court to direct $500 of the balance in defendant's account turned over as an additional payment to be applied towards his restitution, since this is the minimum threshold amount set by the USMS. Thus, the government seeks an order authorizing the BOP to turnover $500 of these funds as a payment in addition to the quarterly payments ordered in the J&C to be applied towards the defendant's outstanding restitution. The government also acknowledged that it initially encumbered all of the funds in defendant's inmate account, but it indicates that on December 22, 2020 it requested the BOP to only encumber $500 in defendant's account and to release the balance to the defendant.

The government's corrected motion is filed pursuant to two statutes. "The first statute, passed as part of the Mandatory Victims Restitution Act ("MVRA"), is 18 U.S.C. §3664." United States v. Korbe, 2020 WL 1929256,

\*2 (W.D. Pa. April 21, 2020). "The MVRA requires the court to award full restitution regardless of the defendant's financial circumstances in certain cases." *Id.* However, "[t]he MVRA acknowledges, …, that many criminal defendants have few assets, and so courts have discretion in establishing a payment schedule for a defendant to meet his or her obligations." *Id.* "Thus, Section 3664(n) requires that "[i]f a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such person shall be required to apply the value of such resources to any restitution or fine still owed." *Id.*

"The second relevant statute is 18 U.S.C. §3613, and it provides a mechanism for the government to enforce a judgment imposing any order of restitution." *Id.* "Section 3613(c) provides that an order of restitution [] creates a 'lien in favor of the United States on all property ... of the person fined,'" and "[t]he lien arises on the entry of judgment and continues for 20 years or until the liability is satisfied …." *Id.*

Additionally, "Section 3613(a)(1) provides that the government may enforce a judgment imposing a fine or restitution order 'against all property or rights to property of the person fined,' except for specific exemptions delineated in 26 U.S.C. §6334." *Id.* However, "cash [which is at issue in this

case] held in an inmate trust account does not fit within any category of exempt property under Section 3613(a)(1)." *Id.*

The court ordered restitution payment schedule in this case is clear, and an amount of 25% of the money in the defendant's trust fund account, after a telephone allowance, is to go towards restitution. (Doc. 44 at 3). The defendant has shown from his Exhibits that he has been consistently making these court ordered payments as well as IFRP payments towards restitution. Despite the defendant's compliance with the court's judgment, the government asserts that because the defendant has a current inmate trust account balance of $1,276.61, under §3664(n) he is "required to apply the value of such resources to any restitution … still owed", and that the court should direct the BOP to turn over the encumbered $500 towards the defendant's outstanding restitution. The government also points out, "[t]he defendant is scheduled to remain incarcerated until May 21, 2034",[2] and that "[h]e was convicted of serious offenses, and his court ordered monetary obligation has remained outstanding since September 21, 2018." (Doc. 67 at 6).

---

[2]See https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results.

In his brief, (Doc. 75), as an alternative to the $500 amount the government is seeking, the defendant suggests that since he discovered that he has a shortage in his IFRP payments from October 2, 2018 through November 5, 2020 in the amount of $173.61, the court should permit the BOP to turnover this amount to the clerk of court to be applied to the restitution he owes. The defendant also requests the court to lift the encumbrance on the remaining balance in his trust fund account, which would now be $326.39. (i.e., $500.00 minus $173.61).

The government argues that defendant's quarterly IFRP payments are "irrelevant" and that under §3664(k) defendant was obliged to notify it of his accumulated cash in his inmate account which constituted a "material change" in his "economic circumstances" that affect his ability to pay restitution. Thus, the government requests the court to adjust defendant's restitution payment schedule to allow it to apply the encumbered $500 in his inmate account as an additional payment towards his outstanding restitution.

The government also points out that in his plea agreement, "[t]he defendant acknowledges that the making of any payments does not preclude the [g]overnment from using other assets or income of the defendant to satisfy the restitution obligations." (Doc. 3 at 25-26). The government acknowledges the defendant's reference to the $29,697.75 he forfeited

pursuant to the forfeiture Order entered in this case, (Docs. 55 & 56), but contends that the defendant's outstanding restitution balance of $184,955.82 is "still substantially high." The defendant also claims that the $29,297.75 he forfeited has not yet been applied by the government towards the restitution he owes.

No doubt that courts are required to specify a payment schedule in the order of restitution and have discretion in establishing a payment schedule. *See* Harris v. Schultz, 2006 WL 2864635, *5 (D. N.J. Oct. 3, 2006) ("[T]he plain language of the MVRA, vest[s] sole authority in the district courts [to specify a payment schedule in the order of restitution], *see* 18 U.S.C. §3664(f)(2) ("[T]he court shall ... specify ... the manner ... and the schedule ... [of] restitution")) (citation omitted). Further, in Coates, 178 F.3d at 685, "[t]he Third Circuit [] determined that the fixing of restitution payments is a judicial act that may not be delegated to the BOP or a probation officer." *Id.* The court also "has the authority to 'adjust the [restitution] payment schedule' after finding 'a material change in the defendant's economic circumstances,' under 18 U.S.C. §3664(k)." United States v. London-Clayton, ---F.Supp.3d---, 2020 WL 5548386, *1 (E.D. Mi. Sept. 16, 2020). "Section 3664(k) does not authorize modification of the amount of restitution, but it does permit the Court to modify any payment schedule for payment of restitution that was

- 8 -

imposed by the Court." *Id.* (citation omitted). Thus, under §3664(k), the court may modify the defendant's restitution payment schedule. *See id.* (citing United States v. Holley, 2020 WL 2316052, at *2 (6th Cir. Jan. 29, 2020) ("Under the [MVRA], 18 U.S.C. §3663A, a district court may modify a final order of restitution upon a showing of a material change in the defendant's circumstances.").

Defendant Fischer has abided by the court's payment schedule, which was instituted by the court after thoughtful deliberation, and he has also made additional quarterly payments through the IFRP which are automatically withdrawn from his account. Even if the current balance in the defendant's inmate account constitutes a small material change in his financial circumstances, which arose after the court imposed the restitution payment schedule, the court finds that an additional payment of $500 is not warranted in this case and that the amount of $173.61 suffices. The court also finds that the defendant, to date, has shown a laudatory determination to make his payments from the money he is earning from his job with the facility's maintenance department.

As such, the court will **DENY** the government's corrected motion, **(Doc. 67)**, to the extent that it seeks the court to direct the BOP to turnover $500 from the defendant's trust fund account to be applied towards his outstanding

restitution. The court will order the BOP to turnover $173.61 from the defendant's account to the clerk of court to be applied towards his court ordered obligations. The court will also lift the encumbrance on the remaining balance in the defendant's trust fund account in the amount of $326.39. An appropriate order shall follow.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: January 13, 2021**
17-374-01